Clarence H. O'Donnell and Wilema S. O'Donnell v. Commissioner.
O'Donnell v. Commissioner
Docket No. 91735.
United States Tax Court
T.C. Memo 1962-114; 1962 Tax Ct. Memo LEXIS 194; 21 T.C.M. (CCH) 609; T.C.M. (RIA) 62114; May 14, 1962
*194 A. F. Barone, Esq., 299 Alhambra Circle, Coral Gables, Fla., for the petitioners. Richard W. Roe, Esq., for the respondent. RAUM
Memorandum Opinion RAUM, Judge: The Commissioner determined a deficiency in income tax against petitioners, husband and wife, in the amount of $115.14 for 1958. During that year and up until the present time they resided in Miami, Florida, and they filed their joint return for that year with the director of internal revenue at Jacksonville. The husband will hereinafter be referred to as petitioner. During 1958 and continuously since then petitioner has been a pilot for Eastern Airlines. Two adjustments made by the Commissioner are responsible for the determination of the deficiency in controversy. 1. Travel expenses. The evidence shows that during 1958 petitioner was away from Miami a total of 108 days on flights made "Transport of Baggage". Petitioner resided some seven and a half miles from the Miami airport, and when he reported for work in preparation for departing on a flight, he would travel from his home to the Miami airport in his own automobile, which he parked at the airport and which he drove back to his home upon completion *195 of his return flight. He would transport in that automobile two pieces of luggage that he carried with him on his flights: one, a bag weighing about 24 pounds when packed, containing clothes and personal effects,and the other, a black leather bag referred to as a "flight bag", weighing about 22 pounds when packed, which contained the flight navigation manual, airways charts, maps, computers, instruments for making charts, and other flight equipment, that he required for the discharge of his duties as a pilot. The $85.60 deduction on the return described as "Transport of Baggage" represented the cost to petitioner of driving his own car to and from the Miami airport, as described above. The Commissioner disallowed this deduction. We conclude that the Commissioner must be sustained as to this item. This was essentially a commuting expense, from petitioner's home to the Miami airport, his principal post of duty, and is therefore nondeductible. The fact that he carried the flight bag with him was merely incidental to the dominant purpose of the trips to and from the Miami airport, which was to commute to work from his home; and commuting expenses have always been regarded as personal *196 and nondeductible. In connection with this item petitioner testified that there was no public transportation from his home to the airport and that he was therefore required to use his own car. But this is irrelevant. If public transportation had been available, the cost thereof certainly would not have been deductible, and it is a matter of no moment that he used his own car instead. The essential character of the transportation was the same, namely, commuting to work, and the cost thereof is a personal rather than a business expense. Nor is petitioner aided by his contention that he worked at home five to ten hours a week bringing his manuals up to date and "keeping up" his log book and expense sheets, that his home was his post of duty, and that the expenses involved were therefore not commuting expenses. We are satisfied on the evidence that petitioner's principal post of duty, to the extent that he can be said to have any post of duty, consisted of Eastern's facilities at the Miami airport where he was required to report at least one hour before scheduled departure. A third adjustment by the Commissioner, in relation to medical expenses, is purely technical, and both parties *197 agree that it depends entirely upon the correctness of the first two adjustments dealt with above. Decision will be entered under Rule 50.